UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CRAIG MIMS p/k/a JUJU BEATZ, an individual,

    Plaintiff,

vs.

CASE NO.

JONATHAN LYNDALE KIRK p/k/a DABABY, an individual; RODRICK WAYNE MOORE, JR. p/k/a RODDY RICCH, an individual; ROSS JOSEPH PORTARO IV p/k/a SETHINTHEKITCHEN, an individual; CAROLINE DIAZ a/k/a BAROLINE DIAZ, an individual; PROJECT DREAMS ENTERTAINMENT, LLC d/b/a PROJECT DREAMS PUBLISHING; SOUTH COAST MUSIC GROUP LLC d/b/a SOUTH COAST MUSIC GROUP; UNIVERSAL MUSIC GROUP, INC.; WARNER CHAPPELL MUSIC, INC.; and UMG RECORDINGS, INC.

    Defendants.                       /

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**DEMAND FOR JURY TRIAL**

Plaintiff Craig Mims p/k/a JuJu Beatz (hereinafter, "Mims" or "Plaintiff"), by and through his undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby sues the Defendants, and in support, alleges as follows:

**Subject Matter of Suit**

1. This action arises under the Copyright Act, 17 U.S.C. §§501, et. seq., and contains substantial claims that arise under federal law. Plaintiff, author of his own musical composition titled "Selena," asserts his copyright rights in his musical composition against Defendants who

1

copied his song without authorization.

## Jurisdiction and Venue

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims asserted by Plaintiff arises under the Copyright Act.

3. As more fully set forth below, this Court has personal jurisdiction over each of the Defendants, because Defendants have committed acts of copyright infringement that have harmed Plaintiff in this District, including, inter alia, purposefully directing advertising, sales, distributions, performances, or digital transmissions of their recordings, including the infringed upon work, to citizens and consumers of the State of Florida.

4. Venue is proper is this District pursuant to 28 U.S.C. §§ 1391 and 1400 because at least one of the defendants resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the intellectual property that is the subject of the action is situated, in this District, and the defendants are subject to personal jurisdiction in this District.

## Parties

5. Plaintiff Mims is a resident of the State of Florida that lives within this judicial district.

6. Plaintiff is a music producer who creates original musical compositions consisting of melodies and beats.

7. Defendant, Jonathan Lyndale Kirk, professionally known as DaBaby ("DaBaby"), is a resident of the State of Louisiana.

8. Defendant DaBaby is a well-known American rapper who rose to fame and whose music achieved commercial success within the last few years. "Rockstar," the song at issue in this

lawsuit, arguably was a catalyst that helped lead to such fame and propelled him to have substantial commercial success.

9. Defendant DaBaby has traveled to and performed in Florida, including in this District, multiple times, including, inter alia, to perform the infringing musical work, "Rockstar."

10. Defendant DaBaby owns publishing company Project Dreams Entertainment, LLC, a California limited liability company with an office in Los Angeles, California.

11. Project Dreams Entertainment, LLC does business as Project Dreams Publishing ("Project Dreams Publishing").

12. Upon information and belief, Defendant DaBaby either owns another entity or does business as Baby Jesus Publishing.

13. Baby Jesus Publishing is identified as having an ownership interest or financial stake in the infringing musical work, "Rockstar."

14. Defendant Rodrick Wayne Moore, Jr., professionally known as Roddy Ricch ("Roddy Ricch"), is a resident of the State of Louisiana.

15. Defendant Roddy Ricch is a well-known American rapper, who is known to associate with DaBaby and is also featured on "Rockstar."

16. Defendant Roddy Ricch has traveled to and performed in Florida, including in this District, multiple times, to perform the infringing musical work, "Rockstar."

17. Defendant Ross Joseph Portaro IV, professionally also known as SethInTheKitchen ("Portaro"), is a resident of the State of Louisiana.

18. Defendant Portaro is a music producer who creates musical compositions in a similar capacity as Plaintiff.

19. Defendant Portaro produces musical compositions for Defendant DaBaby and was

instrumental in the production of the infringing musical work, "Rockstar."

20. Defendant Portaro takes credit for writing "Rockstar" together with Roddy Ricch and DaBaby.

21. Defendant Portaro has traveled to Florida in connection with his music production business, multiple times, including within this District.

22. South Coast Music Group, LLC, d/b/a South Coast Music Group (hereinafter, "South Coast") is a North Carolina limited liability company, with an office in Charlotte, North Carolina.

23. South Coast has infringed Plaintiff's copyright rights, because it has produced and distributed the phonorecords containing the infringing "Rockstar" song, including, inter alia, into this District.

24. Universal Music Group, Inc. ("Universal Music Group") is a Delaware corporation with a place of business in Santa Monica, California.

25. Universal Music Group does business in Florida, including in this judicial district, and has an office in Miami-Dade County, Florida.

26. Interscope Records is a U.S. record label, and a division of Universal Music Group. Upon information and belief, Interscope Records is not a separate, independent business entity from Universal Music Group.

27. Defendant Caroline Diaz a/k/a Baroline Diaz ("Diaz"), is Vice President of Universal Music Group's Interscope Records.

28. Defendant Diaz resides in New York, but travels regularly to South Florida on business in connection with her position as Vice President of Interscope Records.

29. Defendant UMG Recordings Inc. ("UMG"), is a Delaware corporation with offices

in Santa Monica, California. UMG is registered to do business in the State of Florida, and has a registered agent in this District.

30. UMG does business under the name "Capital Music Group", which serves as an unincorporated umbrella label for other sub-labels and businesses owned by UMG.

31. UMG, and at all times relevant herein, was responsible for the distribution and transmission of "Rockstar."

32. Warner Chappell Music, Inc. ("Warner Chappell") is a Delaware corporation with offices in several locations throughout the United States, including within this judicial district.

33. Warner Chappell is registered to do business in Florida and has an office in Miami-Dade County, Florida.

34. At all times material herein, each of the Defendants was the agent and employee of some or all of the other Defendants and in doing the things herein alleged, were acting within the course and scope of such agency and employment relationship.

**Factual Background**

35. Plaintiff Mims has been creating original musical works for more than five (5) years and routinely markets his music to those who engage in the commercialization and monetization of music such as record labels, music publishing companies, and other musicians who pay to license and use Plaintiff's original musical works of authorship.

36. "Beats" in Hip Hop music or rap, refers to the rhythmic beat of drum(s) underlying a musical composition. The beats can be created by actual drums, but are often created using synthesizers.

37. Plaintiff has created musical compositions, including beats, and has routinely marketed them to those who engage in the commercialization and monetization of music such as

record labels, music publishing companies, and other musicians who pay to use and license Plaintiff's music.

38. Plaintiff markets his musical compositions through several means, including, the internet, email communications, and social media platforms like Instagram.

39. Plaintiff's musical compositions are created for the purpose of merging them into inseparable and completed sound recordings with the addition of lyrics or "musical words."

40. Thus, many musical compositions that are commercially released into the market, have an artist that created the lyrics, another artist that created the musical notes for the melody and another artist that created the musical score for the beats or rhythm portion.

41. Artists signed to the various record labels choose which compositions they will write lyrics to accompany the musical score. The labels that release the completed sound recording share rights in the music they create. Sound recordings are then released mainstream for financial gain by the record labels, music distributors and other third parties.

42. Plaintiff registers his beats through the United States Copyright Office because his beats are clearly defined as copyrightable material pursuant to the United States Copyright Act.

43. Defendants DaBaby and Roddy Ricch are popular hip-hop musical artists who have each achieved mainstream and financial success in the music industry.

44. Defendants DaBaby and Roddy Ricch routinely compose music by using beats created by others, and then adding their own vocals that are merged into sound recordings.

45. Income is generated via many sources from licensing of sound recordings to other artists, television production, movie soundtracks and general royalty collection from streaming and song sales.

46. Defendant Portaro is a music producer like Plaintiff who creates music beats.

47. Defendant Portaro provides beats to musicians for the creation of sound recordings.

48. Defendant Portaro has a working relationship and provides beats to Defendants DaBaby and Roddy Ricch for the creation of completed sound recordings.

49. Entities like the other named corporate Defendants then pay large sums of monies to these music creators for rights in their works.

50. These corporate Defendants distribute and disseminate the sound recordings through various media.

51. These rights allow the holders to collect revenues from the sound recordings in the form of royalties.

52. In 2019, Plaintiff began communicating with Defendant Diaz, in an official capacity as Vice President of Interscope Records who is known to associate with Defendant DaBaby specifically regarding his professional music career.

53. At this same time, Plaintiff also began direct, email communications with representatives of DaBaby using the email address billiondollarbabybeats@gmail.com.

54. Plaintiff provided his musical composition known as *Selena* to Defendants in 2019 who then used *Selena* to create a sound recording entitled "Rockstar."

55. Defendant Diaz and DaBaby's representative accessed Plaintiff's *Selena* on more than 40 occasions in late 2019 and early 2020.

56. On, or around April of 2020, Defendants DaBaby, Roddy Ricch, and Portaro released, through the other named Defendants, a sound recording titled "Rockstar" that included many compositional elements from Plaintiff's *Selena* composition.

57. The song "Rockstar" went on to achieve huge financial success and is listed as one of the most popular songs of 2020. It has earned millions of dollars through royalty generation,

licensing, and other sources of revenues.

58. Defendants have illegally and without permission sampled Plaintiff's *Selena* musical work and have continued to collect substantial revenues without even notifying Plaintiff or paying Plaintiff for his contributions. Plaintiff has never received any compensation for Defendants' illegal and unauthorized use of his *Selena* musical composition.

59. Plaintiff made numerous attempts to resolve this matter short of litigation, but such efforts were unsuccessful due to Defendants' unwillingness to cooperate or accept responsibility for blatant and willful copyright infringement. Plaintiff had no choice but to bring this action to redress and stop Defendants willful infringement that is causing ongoing harm.

## COUNT I
## COPYRIGHT INFRINGEMENT

60. Plaintiff incorporates by reference herein all of the allegations of paragraphs 1 through 59 as if fully set forth in this paragraph.

61. Plaintiff is the creator and legal and beneficial owner of a musical composition entitled "Selena," which is subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. SRu001426125. A copy of the Certificate is attached hereto as **Exhibit A**.

62. Defendants had ready access to Plaintiff's work and specially accessed "Selena" on more than 40 separate occasions over a period of several weeks before the eventual release of the infringing track "Rockstar."

63. On or around April of 2020 Defendants released a song/track entitled "Rockstar" on an album entitled "Blame it on Baby" performed by Defendants DaBaby and Roddy Ricch.

64. Defendants unauthorized use and copying of Plaintiff's composition has rendered Defendants' infringing work substantially similar to and in many portions identical to Plaintiff's

musical composition.

65. Defendants' song/track "Rockstar" infringes Plaintiff's composition "Selena."

66. Defendants have directly infringed upon Plaintiffs' copyright through the reproduction, distribution, performance, display, and creation of derivative works of Plaintiff's "Selena" musical work in violation of the Copyright Act.

67. Defendants have induced, caused, or materially contributed to the infringement of Plaintiffs' copyright, including through their authorization of further creation, distribution, and performances of the infringing "Rockstar" song, and accordingly, Defendants are contributorily liable for such infringement.

68. Defendants all benefited financially from the distribution of the infringing musical work "Rockstar."

69. Defendants did not seek or receive any authorization or permission from Plaintiff to use any portion of Plaintiff's "Selena" composition.

70. Defendants have willfully and unlawfully infringed on Plaintiff's copyright in "Selena" and have converted the copyrighted material for their own use to the detriment of Plaintiff.

71. Defendants have produced, reproduced and prepared derivative works based upon Plaintiff's work "Selena."

72. Defendants have distributed and profited from Plaintiff's copyrighted work.

73. Defendants' unauthorized reproductions, distributions, public performances, and/or digital transmissions of the infringing "Rockstar" works as alleged above, each constitute an infringement of Plaintiff's rights in and to the works.

74. Defendants have the right to control other infringers and have received direct

benefit from that infringement. Accordingly, Defendants are vicariously liable for such infringement.

75. The foregoing acts of copyright infringement have been willful and intentional.

76. As a direct and proximate result of Defendants' infringement of Plaintiff's copyright, as alleged herein, pursuant to 17 U.S.C. Section 504(b), Plaintiff is entitled to his actual damages, including Defendants' profits from infringement, the exact amount of which is not currently known.

77. Defendants DaBaby and Roddy Ricch have subsequently performed the infringing "Rockstar" musical work, and have profited from their live performance of the Plaintiff's copyright work (the "Live Performances").

78. Defendants' Live Performances constitute separate acts of copyright infringement for which Plaintiff is entitled to seek damages and injunctive relief.

79. Plaintiff is also entitled to recover attorney's fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

80. Defendants are causing, and unless enjoined by the Court will continue to cause Plaintiff irreparable harm for which he has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued infringement of his musical composition.

## COUNT II
## DECLARATORY AND INJUNCTIVE RELIEF

81. Plaintiff incorporates by reference herein all of the allegations of paragraphs 1 through 59 as if fully set forth in this paragraph.

82. Plaintiff seeks declaratory and injunctive relief pursuant to 17 U.S.C. § 502.

83. Plaintiff seeks a declaratory judgment that Defendants do not have the right to exploit the

infringing musical work "Rockstar" without Plaintiff's written approval, and that any further unauthorized exploitation of the infringing musical work "Rockstar" constitutes willful copyright infringement.

84.     Plaintiff seeks a permanent injunction enjoining further reproduction, sale, performance, or other use or exploitation of the infringing musical work "Rockstar" and all other derivative works.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against all of the Defendants as follows:

(a)     an award for damages pursuant to 17 U.S.C. § 504(b), or in the alternative an award for the maximum statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504(c);

(b)     an order that each Defendant provide to Plaintiff a complete and accurate accounting of any and all profits earned in connection with their exploitation of the infringing musical work "Rockstar";

(c)     an order preliminarily and permanently enjoining each Defendant, its/her/his agents, servants, employees, and all parties in privity with them, from directly and indirectly using the infringed musical work "Rockstar", or any other work derived in any way therefrom, in any manner which infringes on the copyright, including, without limitation a prohibition against the reproduction, sale, distribution, dissemination, public performance, or other use or exploitation, of the infringing work and all other derivative work;

(d)     a finding that Defendants' infringements were willful, in accordance with 17 U.S.C. Section 504(c)(2);

(e) an award of costs, including a reasonable attorney's fees, pursuant to 17 U.S.C. §505;

(f) the entry of final judgment that includes pre and post-judgment interest;

(g) an award of such other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury on all issues so triable.

Dated: December 9, 2022                    Respectfully submitted,

By: s/William R. Trueba, Jr.
William R. Trueba, Jr.
Florida Bar No. 117544
wtrueba@lex188.com
Darlene Barron, Esq.
Florida Bar No. 108873
dbarron@lex188.com
TRUEBA & SUAREZ, PLLC
7480 Bird Road, Suite 601
Miami, Florida 33155
Telephone:   (305) 482-1001
Facsimile:    (786) 516-2826

Bradley J. Eiseman
*Admission Pro Hac Vice Forthcoming*
bradeisemanlaw@gmail.com
THE LAW OFFICE OF BRADLEY J. EISEMAN
115 Harbor Common Drive
Memphis, Tennessee 38103

*Attorneys for Plaintiff*